a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AKHSAR DZUTSEV #A220-562-229, Petitioner | CIVIL DOCKET NO. 1:26-CV-01574 SEC P |
| VERSUS | JUDGE EDWARDS |
| U S IMMIGRATION & CUSTOMS ENFORCEMENT ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

# MEMORANDUM ORDER

Before the Court is a Motion for Discovery Order (ECF No. 12) filed by Petitioner Akhsar Dzutsev ("Dzutsev").

Rule 6 of the Rules Governing Section 2254 Cases, applied here under Rule 1(b), permits habeas discovery only "for good cause," and requires the movant to "provide reasons for the request" and specify the documents sought. Rules Governing § 2254 Cases R. 1(b), 6(a)–(b). A habeas petitioner "is not entitled to discovery as a matter of ordinary course"; the district court's discretion controls the scope of any discovery it authorizes. *Bracy v. Gramley*, 520 U.S. 899, 904, 909 (1997). And ordinary civil discovery rules do not automatically apply in habeas; a court must narrowly fashion any discovery to develop facts needed to resolve a properly supported claim. *See, e.g.*, *Monko v. Senkowski*, No. 97-CV-2895, 2009 WL 10441652, at *2 (E.D.N.Y. July 6, 2009), *aff'd as modified,* 2015 WL 5076902 (E.D.N.Y. Aug. 27, 2015).

A movant must state specific, non-conclusory allegations establishing a prima facie claim before discovery is warranted, and "Rule 6 does not authorize fishing expeditions." *Murphy v. Johnson*, 205 F.3d 809, 814–16 (5th Cir. 2000); *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994). These constraints govern § 2241 proceedings equally, since Rule 1(b) imports the § 2254 discovery standard, and the Court's § 2241 immigration-habeas framework contemplates prompt, paper-record adjudication rather than open-ended discovery. Rules Governing § 2254 Cases R. 1(b); Standing Order 1.74.

Dzutsev's motion does not satisfy this standard. Dzutsev seeks the "full A-File" and "any other documentation" Respondents might rely on (to be produced with Respondents' answer). The motion does not, however, identify any discrete factual dispute, specific document, or other reason to believe discovery at this level of generality will be probative of the question of unlawful detention.

While not unreasonable, the motion does not supply the case-specific good-cause showing that Rule 6 demands. *Bracy*, 520 U.S. at 908–09; *Harris*, 394 U.S. at 300. Seeking the "full A-file" plus an open-ended category of "any other documentation" *as part of the discovery process* mirrors ordinary civil discovery, which habeas practice does not permit as of right. *Bracy*, 520 U.S. at 904.

The Court recognizes that some courts have permitted A-file discovery in other immigration-habeas cases, but those cases involved concrete, already-framed factual disputes and carefully limited scope, unlike here. *See Ramsundar v. Wolf*, No. 1:19-CV-00370 (W.D.N.Y. June 18, 2020) (compelling specific A-file materials after prior

discovery orders and a developed record). No comparable factual predicate exists on this record.

However, two caveats must be noted. First, this ruling does not shield Respondents from the burden of production or from scrutiny of all factual assertions and evidence submitted. from scrutiny. Rule 5, applied via Rule 1(b), already requires Respondents to attach to their answer the record portions they consider relevant. Rules Governing § 2254 Cases R. 1(b), 5(c). Consistent with that framework, if Respondents rely in any response or brief on A-file materials or related records—including, but not limited to, ERO correspondence, consular communications, or removal-effort documentation—they must file those specific portions as exhibits, subject to any appropriate motion to seal. The Court will, where warranted, reject any factual assertion by Respondents that lacks evidentiary support, and will closely scrutinize whatever evidence Respondents do submit in opposition to the petition. But the Court need not employ habeas "discovery" as the vehicle for ensuring that scrutiny. This requirement preserves an adequate record without involving routine, preemptive A-file production. *Harris*, 394 U.S. at 295–300; *Bracy*, 520 U.S. at 904, 909.

Second, this ruling does not foreclose a narrower motion if a concrete dispute later emerges from Respondents' filings or otherwise, provided Dzutsev identifies specific documents and explains their materiality. *Bracy*, 520 U.S. at 908–09; *Murphy*, 205 F.3d at 815.

On the present showing, however, Dzutsev has not established good cause for the requested discovery. Dzutsev's reply memorandum notes that the Government's response had not been filed, so he did not "know which portions of that file Respondents intend to invoke to justify continued detention." ECF No. 15 at 1. The Government's response has now been filed. ECF No. 16.

Accordingly, IT IS ORDERED that the Motion for Discovery Order (ECF No. 12) is DENIED.

SIGNED on Monday, August 24, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE