d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AKHSAR DZUTSEV #A220-562-229, Plaintiff | CIVIL DOCKET NO. 1:26-CV-01574 SEC P |
| VERSUS | JUDGE EDWARDS |
| U S IMMIGRATION & CUSTOMS ENFORCEMENT ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

# REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1) under 28 U.S.C. § 2241 filed by Petitioner Akhsar Dzutsev ("Dzutsev" or "Petitioner"), an immigration detainee at the Winn Correctional Center in Winnfield, Louisiana. ECF No. 1-6. Petitioner challenges his continued post-removal-order detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and seeks release from custody.

Petitioner has carried his initial burden under *Zadvydas* to show that there is no significant likelihood of removal in the reasonably foreseeable future. The Government has not rebutted that showing. Therefore, the Petition should be GRANTED, and Petitioner should be RELEASED.

## I. Background

ICE has detained Petitioner since June 26, 2025. His removal order became final on November 25, 2025. ECF No. 16-2. On December 25, 2025, after Petitioner advised Enforcement and Removal Operations ("ERO") that he did not possess a

passport, ERO completed a travel-document application, which was submitted through the Electronic Travel Document System on January 21, 2026. *Id.* ERO continued its efforts through ERO Headquarters, including submitting a revised application and requesting multiple status updates. *Id.*

As of July 27, 2026, ERO-HQ was still awaiting verification of Petitioner's citizenship from Russia.[1] Thus, although Petitioner has remained in ICE custody for more than a year, including more than nine months under a final order of removal, the travel-document process had not yet progressed beyond verification of his Russian citizenship as of the Government's latest reported update.

## II. Law and Analysis

Petitioner does not ask the Court to vacate, review, or stay the removal order. He challenges only his continued post-removal-order detention. The Court has jurisdiction to consider that challenge. *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it. Thus, . . . the Court retains jurisdiction to review his detention.").[2]

[1] According to the Government's declaration, verification of Russian citizenship must precede an in-person consular interview and issuance of a travel document.

[2] *See Zheng v. Bondi*, No. 3:26-CV-00239, 2026 WL 2529544, at *2 (W.D. La. July 29, 2026); *Nguyen v. Bowen*, No. 25-CV-1560, 2026 WL 1179066, at *5 (W.D. La. Apr. 14, 2026) ("Respondents provide no evidence—or reasons to conclude—that a travel document is forthcoming"), *report and recommendation adopted*, 2026 WL 1172680 (W.D. La. Apr. 29, 2026); *Johnson v. Young*, No. 12-CV-2339, 2013 WL 1571938, at *2 (W.D. La. Feb. 11, 2013) (the argument that the Jamaican consulate had not yet

After entry of a final removal order, the Government ordinarily has 90 days to effectuate removal. *See* 8 U.S.C. § 1231(a)(1)(A). Section 1231(a)(6), however, permits detention beyond 90 days for a period reasonably necessary to bring about a detainee's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 689, 701 (2001). Detention for up to six months is "presumptively reasonable." *Id.* at 701. Thereafter, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must respond with evidence sufficient to rebut that showing. *Id.*; *see also* 8 C.F.R. § 241.13.

The petitioner bears the initial burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Conclusory statements do not satisfy that burden. *See id.* at 543–44.

However, a petitioner is not required to "show the absence of any prospect of removal—no matter how unlikely or unforeseeable." *Zadvydas*, 533 U.S. at 702 (emphasis omitted). Rather, the petitioner must only establish good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

refused to issue travel documents was insufficient to meet the Government's burden), *report and recommendation adopted in part and petition dismissed as moot*, 2013 WL 1571272 (W.D. La. Apr. 12, 2013); *Fermine v. Dir. of Immigr. & Customs Enf't*, No. 2:06-CV-1578, 2007 WL 2284606, at *4 (W.D. La. May 23, 2007) (finding no significant likelihood of removal in the reasonably foreseeable future where ICE was continuing efforts to obtain a travel document, and Trinidad had not yet refused the request).

*Id.* at 701. Removal is not reasonably foreseeable merely because the Government continues its removal efforts. *See id.* at 702; *Lambert v. Warden*, No. EP-26-CV-00427-DB, 2026 WL 926216, at *3 (W.D. Tex. Apr. 6, 2026); *see also Rodriguez Romero v. Ladwig*, 827 F. Supp. 3d 779, 807 (M.D. La. 2026) ("'[C]ontinued efforts' or good faith efforts are not enough; *Zadvydas* itself rejected this idea."). The question is not whether ICE has acted diligently, but whether removal is actually likely to occur in the near future. *See Khurami v. Garcia*, No. 1:25-CV-01672, 2026 WL 2122961, at *3 (W.D. La. July 1, 2026).

Here, Petitioner's removal order became final on November 25, 2025. ECF No. 16-2. He has remained in post-removal-order detention for more than nine months, so his detention is no longer presumptively reasonable under *Zadvydas*. *See Shengelia v. Ortega*, No. 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025). And as the period of post-removal confinement grows, what counts as the "reasonably foreseeable future" correspondingly shrinks. *See Zadvydas*, 533 U.S. at 701.

Petitioner has met his initial burden. He alleges that he has fully cooperated with ICE's removal efforts, including providing information concerning his citizenship, signing a travel-document application, and furnishing fingerprints and other identification documents. ECF No. 1. He further alleges that, despite his cooperation, Russian authorities have not issued the travel documents necessary for his removal. *Id.*

The Government's evidence supports Petitioner's claim. Although the travel-document process began in December 2025, as of July 27, 2026, ERO-HQ remained awaiting verification of Petitioner's Russian citizenship. ECF No. 16-2 at 3. And the Government acknowledges that verification must occur before the Russian Consulate will conduct an in-person interview, which is a prerequisite for issuance of a travel document. *Id.*

The burden therefore shifts to the Government to show that there is a significant likelihood of removal in the reasonably foreseeable future. After seeking updates on several occasions, the Government reported on July 27, 2026, that it was "still awaiting verification from Russia" of Petitioner's citizenship. ECF No. 16-2 at 3. But even if the Russian Consulate "routinely issues travel documents" after citizenship is verified and an in-person interview occurs, neither prerequisite has occurred. *Id.* Even assuming Petitioner's identity is verified, there is no evidence of a potential timeframe for Petitioner's interview with the consulate or for any other related prerequisite step.

Accordingly, the Government has established that removal efforts remain ongoing, but not that Petitioner's removal is likely. Courts in this district often hold a pending request for travel documents alone is insufficient to satisfy the Government's burden.[3]

---

[3] *See Zheng v. Bondi*, No. 3:26-CV-00239, 2026 WL 2529544, at *2 (W.D. La. July 29, 2026); *Nguyen v. Bowen*, No. 25-CV-1560, 2026 WL 1179066, at *5 (W.D. La. Apr. 14, 2026) ("Respondents provide no evidence—or reasons to conclude—that a travel document is forthcoming"), *report and recommendation adopted*, 2026 WL 1172680 (W.D. La. Apr. 29, 2026); *Johnson v. Young*, No. 12-CV-2339, 2013 WL 1571938, at *2 (W.D. La. Feb. 11, 2013) (the argument that the Jamaican consulate had not yet refused to issue travel documents

This case contrasts directly with *Seledtsova v. Noem*, No. 6:25-CV-00724, 2026 WL 375882, at *2 (W.D. La. Jan. 7, 2026). There, the Government represented that a Russian national's removal was imminent, and the petitioner offered no contrary evidence. *See id.* But here, the Government's evidence shows that the process has not advanced beyond citizenship verification. ECF No. 16-2 at 3. "[A] remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Nguyen v. Noem*, 2026 WL 237282, at *9 (citing *Balouch v. Bondi*, No. 9:25-CV-216, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted)); *see also Ibrahimi v. Bondi*, No. SA-25-CA-00768-XR, 2026 WL 915703, at *3 (W.D. Tex. Mar. 27, 2026) ("ICE's few 'affirmative steps' toward securing travel documents do not show that removal is reasonably foreseeable.").

## III. Conclusion

Petitioner has met his burden under *Zadvydas*, and the Government has failed to rebut that showing with evidence demonstrating a significant likelihood of removal in the reasonably foreseeable future. Accordingly,

IT IS RECOMMENDED that the Petition (ECF No. 1) be GRANTED, and that Petitioner be RELEASED subject to any necessary and/or reasonable conditions.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service,

---

was insufficient to meet the Government's burden), *report and recommendation adopted*, 2013 WL 1571272 (W.D. La. Apr. 12, 2013); *Fermine v. Dir. of Immigr. & Customs Enf't*, No. 2:06-CV-1578, 2007 WL 2284606, at *4 (W.D. La. May 23, 2007) (finding no significant likelihood of removal in the reasonably foreseeable future where ICE was continuing efforts to obtain a travel document, and Trinidad had not yet refused the request).

unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, September 29, 2026.



JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE